**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JAMES NOBLE and VANESSA NOBLE,**

    Plaintiffs,

v.                                            Case No.  8:12-cv-15-T-30EAJ

**MAGISTRATE COURT IN AND FOR**
**LOWNDES COUNTY GEORGIA,**

    Defendant.
_____/

## ORDER

      THIS CAUSE comes before the Court on Plaintiffs' Petition for Emergency Injunctive Relief (Dkt. 1).  On January 5, 2012, Plaintiffs James Noble and Vanessa Noble filed a "Petition for Emergency Injunctive Relief" with this Court.  Plaintiff James Noble alleges that he was denied sufficient notice to appear at a hearing before a Georgia State Court, as he was allegedly only noticed to appear via a cell phone voice mail message.  Although Plaintiffs fail to identify *how* this purportedly insufficient notice caused them consequent harm, they contend that this allegedly deficient notice violated the due process rights of Plaintiffs guaranteed by the United States Constitution.  Plaintiffs ask this Court to enter an emergency temporary injunction, prohibiting the relevant Georgia Court from proceeding after such allegedly deficient notice.

      Upon reviewing Plaintiffs' Petition, and being otherwise advised in the premises, this Court concludes that Plaintiffs' Petition should be dismissed, for multiple reasons.

First, Plaintiffs fail to state a valid cause of action. Plaintiffs' only claim is that James Noble was deprived of both procedural and substantive due process of law by receiving allegedly improper notice to appear at a Georgia State Court hearing. To state a valid procedural due process claim one must identify the relevant deprivation of "life, liberty, or property" suffered as a result of the state's actions. *Ingraham v. Wright,* 430 U.S. 651, 672 (1977). Here, Plaintiffs fail to do so. To state a valid substantive due process claim, one must allege a deprivation of some fundamental right protected by the due process clause. *Skinner v. City of Miami, Fla.,* 62 F.3d 344, 347 (11th Cir. 1995). Here, Plaintiffs fail to do so. As a result, Plaintiffs fail to state a valid cause of action for a violation of their due process rights.

Second, Plaintiffs' Petition fails to comply with Fed. R. Civ. P. 8(a). Although Courts construe the pleadings of *pro se* litigants more liberally than those drafted by attorneys, *pro se* litigants still must comply with federal procedural rules and local court rules. *See, e.g., Wayne v. Jarvis,* 197 F.3d 1098, 1104 (11th Cir. 1999), *overruled on other grounds by Manders v. Lee,* 338 F.3d 1304, 1328, n. 52 (11th Cir. 2003). Federal Rule of Civil Procedure 8(a) provides in relevant part that a claim for relief must state "(2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Here, Plaintiffs fail to identify a judicially cognizable injury. As a result, Plaintiffs' petition fails to give the Defendant fair notice of the claims against it, in violation of Fed. R. Civ. P. 8(a).

Third, because Plaintiffs have failed to identify a judicially cognizable injury caused by the Defendant which may be redressed by this Court, Plaintiffs lack standing to bring their Emergency Petition. *31 Foster Children v. Bush,* 329 F.3d 1255, 1263 (11th Cir. 2003).

For the above reasons, it is appropriate to dismiss Plaintiffs' Emergency Petition. Moreover, the Court notes that the allegedly deficient notice provided by the Georgia Court is a matter to be taken up with that Court.[1]

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Petition for Emergency Injunctive Relief (Dkt. 1) is hereby dismissed.

2. The Clerk is ordered to deny any pending motions as moot, and to close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 9, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-15.mtd.frm

---

[1] Indeed, even if Plaintiffs stated a valid cause of action, complied with Fed. R. Civ. P. 8(a) and had standing, this Court could have nonetheless dismissed this action under the *Younger* Abstention Doctrine. *See* 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003).